CAROL A. SOBEL SBN 84483
LAW OFFICE OF CAROL A. SOBEL
429 Santa Monica Boulevard, Ste. 550
Santa Monica, California 90401
t. 310 393-3055   f. 310 393-3605
e. carolsobel@aol.com

Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - Western Division

| | |
|---|---|
| CPR for Skid Row, an unincorporated association; HAMID KHAN, PETE WHITE;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES,<br><br>Defendants. | CASE NO: LACV11-6274 JFW Cwx<br><br>COMPLAINT:<br><br>Civil Rights - 42 U.S.C. §1983<br><br>First and Fourteenth Amendment<br><br>California Constitution, Art. I §§2, 3, 7 |

**JURISDICTION AND VENUE**

1.  This is an action for a temporary restraining order and permanent declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments, and analogous provisions of the California Constitution, resulting from temporary violations by the defendants of the right to freedom of speech and equal protection of the laws guaranteed to the Plaintiffs. Plaintiffs seek this relief to enjoin defendants from unconstitutionally chilling and impeding their right to freedom of speech. They challenge California Penal Code §403 as unconstitutional on its face under the First and Fourteenth Amendments and

analogous California Constitution provisions. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (in that it arises under the Constitution of the United States); § 1343(a)(3) (in that it is brought to redress deprivations, under color of state authority, of rights, privileges and immunities secured by the United States Constitution); and under (a)(4) (in that it seeks to secure equitable relief under an Act of Congress, specifically under 42 U.S.C. § 1983) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. This Court has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Central District of California in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events or omissions herein described, namely the deprivation of the Plaintiffs' constitutional and statutory rights, occurred in this district.

## INTRODUCTORY STATEMENT

3. This action follows the July 6, 2011 arrest of one individual and the threatened arrest of plaintiffs for engaging in protected First Amendment activity on a public sidewalk in downtown Los Angeles. Plaintiffs were protesting the actions of the Downtown Business Improvement District ("BID") for Central City East, which takes local business owners and others on guided tours of Skid Row to show what they perceive to be the ills of the area and enlist support for the BIDS' efforts to encourage police enforcement actions aimed at criminalizing and suppressing the homeless population on Skid Row. Lt. Paulson, acting for the Los Angeles Police Department ("LAPD"), threatened arrest for all of those lawfully assembled and further threatened that they would be charged with an unlawful conspiracy to violate Penal Code Section 403 based on the fact that the group was handing out leaflets in support of their protest. Pete White, the founder and co-director of the Los Angeles Community Action Network (LA CAN) was arrested and charged with a violation of Penal Code §403. Mr. White and Plaintiffs were

engaged in a lawful demonstration regarding a matter of public concern on a public sidewalk when the arrest and threatened arrests occurred.

4.  California Penal Code Section 403 provides that it is a misdemeanor to disrupt a public meeting or assembly other than one which is religious or 'political.' This statute was first enacted in 1872, long before First Amendment jurisprudence developed. In all of that time, it has never been amended except to account for statutory renumbering and it has only been construed by the California Supreme Court one time. That was in 1970, when the Court held that the statute was overbroad and reached a substantial amount of protected First Amendment activity. Rather than invalidate the ordinance, the California Supreme Court read a narrowing construction into its terms to require "substantial" disruption and to provide broad protection for "heckling" of public officials speaking at public meetings. Because the overbreadth holding was sufficient to resolve and reverse the criminal convictions before the Court in 1970, the Court did not reach the inherent vagueness of the statute.

5.  Penal Code Section 403 remains unconstitutionally vague and no narrowing construction can save it given modern Supreme Court law condemning standardless statutes that regulate First Amendment activity. Moreover, since 1970, the United States Supreme Court has developed a First Amendment equal protection doctrine that renders Penal Code 403 unconstitutional.

6.  Since its adoption nearly 140 years ago, Penal Code Section 403 has contained two content-based exceptions to the statute. Section 403 restricts speech and provides varying levels of protection for different categories of speech. Such content-based distinctions in the law call into question the rationale for the law and create a strong presumption of unconstitutionality.

7.  Section 403 establishes greater protection for political/election related speech by creating a higher threshold standard before disruptive speech on the topic may be punished. Simultaneously, it creates less protection for speech which

is disruptive of a religious meeting held in a tax-exempt building by creating a lower threshold for punishment.

8. Simply, the government has no interest whatsoever, let alone a compelling interest, in differentiating between political speech on matters of public concern generally and election related speech as implicated by California Elections Code §18340 to which §403 refers.[1] To hold otherwise would allow the government to establish restrictions based on the content of speech and/or the identity of the speaker, both of which are clearly forbidden by the First Amendment and Equal Protection Clause.

9. For example, applying the plain language of §403 and §18340, any prosecution for disruption of a speech given by a candidate for office on the topic of abortion would require a showing of "threats, intimidations, or unlawful violence." Disruption of a speech on the same topic given by a representative from Planned Parenthood, however, would require only a "substantial" disruption.

10. Similarly, to prosecute disruption of a speech on immigration reform regarding a pending ballot initiative such as Arizona's SB 1070 would require a showing of "threats, intimidations, or unlawful violence," while disruption of a speech advocating substantively similar reforms divorced from a pending initiative would only require substantial disruption. There is no principled distinction for this differential treatment based on the identity or subject of the speaker.

11. Furthermore, due process of law and the fundamental principles of fairness it embodies require that people be given adequate notice of what conduct is prohibited prior to their engaging in such conduct for them to be rightly punished for it. Where statutes are so vague that citizens must guess at their meaning, the law must be declared void in the interest of justice. In the context of

---

[1] Plaintiffs acknowledge that the government may have a sufficiently compelling interest in protecting the solemnity of religious meetings to justify a religious exception, but not one that rests on a tax-exempt brick-and-mortar property status.

4

free speech, such a situation necessarily compels citizens to curtail their free speech activities, lest they overstep the blurry line of the law and be subjected to prosecution.

12. Section 403 is such a vague law as it cannot be authoritatively construed by the average citizen. Under ordinary principles of statutory construction, the title to a statute must be regarded as a substantive portion of the law and given such effect as though a part of the statute's body. The title of §403 reads "Disturbance of assembly or meeting other than religious or political," however, the statute does nothing to define political except, seemingly, by reference to §18340 of the Elections Code. That statute, in turn, provides no definition of "political." Giving proper effect to the title of the statute, a would-be protester is given no notice of whether their actions fall under §403 or the more generous §18340 of the Elections Code.

13. Even assuming that the statute is properly limited by its reference to §18340, that section itself is so vague as to provide no guidance to a citizen, making §403 vague by reference. Section 18340 of the Elections Code merely provides that "every person who, by threats, intimidations, or unlawful violence, willfully hinders or prevents electors from assembling in public meetings for the consideration of public questions is guilty of a misdemeanor."

14. Both §403 and §18340 are therefore susceptible to multiple constructions with widely varying results. §403 in particular is so fundamentally flawed that it cannot be saved by a narrowing construction by the courts. This has effectively chilled the free speech rights which Plaintiffs seek to exercise.

15. Because §403 contravenes modern First and Fourteenth Amendment jurisprudence and because enforcement of the statute has had a chilling effect on the speech of Plaintiffs who wish to protest in the Downtown Los Angeles area, specifically the Skid Row Neighborhood Watch Walk, the statute must be declared unconstitutional.

## PARTIES

16. Plaintiff **CPR for SKID ROW** is an unincorporated association of community groups and individuals who advocate on behalf of the rights of persons who reside in the area of downtown Los Angeles commonly referred to as Skid Row. For the last three months, as part of their advocacy, they provide an alternative voice to the public officials and Business Improvement District ("BID") when they conduct what is called a Skid Row Neighborhood Watch Walk ("WALK"). Plaintiffs have had their freedom of speech chilled by the July 6, 2011 arrest of Pete White and the threat of their arrests for an alleged violation of Penal Code §403. They wish to continue their protests without fear of arrest for exercising their constitutional rights. The next Walk is scheduled for Wednesday, August 3, 2011.

17. Plaintiff **HAMID KHAN** is a member of Plaintiff **CPR for SKID ROW**. He was present when Lt. Paulson of the LAPD threatened arrest of those protesting on the public sidewalks during the time that BID staff were taking local business owners on a tour throughout Skid Row. **KHAN** is concerned that he will be arrested if he engages in the same protest activity in the immediate future.

18. Plaintiff **PETE WHITE** is a member of Plaintiff **CPR for SKID ROW**. He was arrested at the direction of Lt. Paulson of the LAPD when he was doing nothing more than standing on a public sidewalk, videotaping the protest and chanting with others. He was the only individual arrested on July 6, 2011 of all those participating with plaintiff **CPR for SKID ROW**. Despite the fact that officers may cite and release for a misdemeanor, **WHITE** was handcuffed, taken into custody, then transported from Central Station to 77th Division, where he was booked then released after bail was posted. He appeared for his arraignment at the scheduled date and time; however, no charges have been filed against him. The basis for his arrest stated on his release form was a purported violation of Section 403, disrupting a meeting. He fears he will face arrest again for lawful speech.

6

19. Defendant **CITY OF LOS ANGELES** (hereinafter "**CITY**") is a municipal entity, organized under the laws of the State of California as a Charter City. The **CITY** has the capacity to sue and be sued. The **CITY** is the political and legal government entity with responsibility for the actions of the LAPD, its officials, agents and employees. The **CITY** is sued in its own right and on the basis of the action of its agents and employees pursuant to 42 U.S.C. § 1983.

## STATEMENT OF FACTS

20. Plaintiffs conduct monthly protests of the Skid Row Neighborhood Watch Walk organized by the Central City East Association (CCEA), the administrative body of the BID. These walks are part of CCEA and the City's campaign to force homeless persons from the area by encouraging increased criminalization of the homeless population and committing disproportionate police resources to carry out aggressive enforcement of low level crimes which are not prosecuted with such vigor in other areas of the City. The Walks organized by the CCEA are frequently attended by the various government officials, as well as local business owners, and other supporters of the so-called Safer Cities Initiative.

21. Plaintiffs' goals in these actions are three fold: 1) to protest the City Attorney's crackdown on free speech and assembly; 2) to call attention to the conspicuous lack of downtown residents in these walks, who the walks purport to represent; and 3) to protest the Safer Cities Initiative itself, as City police officers charged with enforcing the initiative accompany those participating in the walks. Theirs is the sort of speech quintessentially protected by the First Amendment.

22. On July 6, 2011, Plaintiffs were engaged in one such protest of the Neighborhood Watch Walk, exercising their constitutionally protected right to counter speech. During this protest, Plaintiffs followed a short distance behind the main community watch group, carrying signs, chanting slogans (including "Homes, not jails" and "We are not resisting; this is our First Amendment right"), and occasionally speaking directly to the attendees and accompanying officers. All

of these actions were intended to voice their concerns regarding Safer Cities and question the purpose of the neighborhood watch walks.

23. During this action, Pete White, founder and co-director of the Los Angeles Community Action Network, a group dedicated to advancing the civil rights of the poorest and most disenfranchised communities of the Skid Row area, was arrested and charged with violating California Penal Code §403: "Disturbance of assembly or meeting other than religious or political." Plaintiffs were also threatened with arrest, effectually chilling their freedom of speech.

**California Penal Code §403**

24. Originally enacted in 1872, the body of §403 reads: "Every person who, without authority of law, willfully disturbs or breaks up any assembly or meeting that is not unlawful in its character, other than an assembly or meeting referred to in Section 302 of the Penal Code or Section 18340 of the Elections Code, is guilty of a misdemeanor." These exemptions, both in the title and the text, are clearly based on content and require examination of the speech being disrupted to ascertain which statutory section applies to a given disruption.

25. The first and last time that a court substantively reviewed §403 was the California Supreme Court more than four decades ago in *In Re Kay*, 1 Cal. 3d 930 (1970). In *Kay*, the high court found that heckling of public figures at public meetings was protected speech under a wide range of circumstances. In particular, the court found that §403 was unconstitutionally overbroad. The state Supreme Court then applied a narrowing construction to require that the targeted meeting be public and that the disruption be substantial and in contravention of the established custom and usage of the venue in which the speech occurred. There, the court neither addressed a vagueness presented by the *Kay* appellants or was confronted with an Equal Protection challenge. Indeed, it was not until after *Kay* that the United States Supreme Court adopted its Equal Protection jurisprudence in the First Amendment context. Substantial case law has been developed in the

intervening forty years at all levels of the judiciary which necessitates invalidation of §403 on such grounds.

### The Exception for Elections Code §18340

26.     Penal Code §403 includes an explicit exception for political speech protected by California Elections Code §18340. This exception, along with an exception for disruption of a religious meeting taking place in a tax-exempt building, were included in Penal Code §403 at the time of its adoption, a century and a half ago. The legislatively mandated exceptions in Penal Code §403 render the statute unconstitutionally on both equal protection and vagueness grounds. For example, although the title of §403 references religious or political meetings, nowhere in the text is political defined, except, it would seem, by reference to the Elections Code. Elections Code §18340 provides that "Every person who, by threats, intimidations, or unlawful violence, willfully hinders or prevents electors from assembling in public meetings for the consideration of public questions is guilty of a misdemeanor." Elector is defined only by reference to California Elections Code §321 as "any person who is a United States citizen 18 years of age or older and a resident of an election precinct at least 15 days prior to an election." A considerable amount of expressive activity is thus encompassed by the plain language of the Elections Code.

27.     Both §403 and §18340 can, are susceptible to multiple interpretations by reasonable persons, none of which are definitive and all of which lead to constitutionally impermissible and illogical results. Broadly construed -- affording proper weight to the title of the statute -- §403 exempts all political speech, no matter the context. Narrowly construed, however, given the placement of the exception in the Elections Code, it exempts only speech protected by §18340, an unjustifiably content-based regulation. Simply put, a potential protester has no way of knowing in advance whether their conduct will be subjected to the relaxed

"substantial" disruption standard of §403 or the more stringent "threats, intimidations or violence" standard of §18340.

28.  California Penal Code §403 is facially unconstitutional on free speech and equal protection grounds, in addition to being void for vagueness pursuant to due process principles. The statute fails to provide notice to citizens of what is prohibited while simultaneously restricting speech based on its content without a compelling government interest. It includes two sweeping exceptions that undermine the rationale for the statute.

### FIRST CLAIM FOR RELIEF
### FIRST AND FOURTEENTH AMENDMENTS; 42 U.S.C. §1983
### CALIFORNIA CONSTITUTION §§ 2, 3, 7
### FREEDOM OF SPEECH AND EQUAL PROTECTION OF THE LAW

29.  Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 28, hereof, inclusive.

30.  Defendant CITY's application of Penal Code §403 to threaten arrest and arrest for lawful expressive activity on a public sidewalk violates the First and Fourteenth Amendments and analogous provisions of the California Constitution.

30.  No statute may create, or be construed to create, a hierarchy of speech within the class of core political speech by favoring discussion of certain matters over others. By creating differing standards for punishment of some political speech over other political speech without a compelling government interest, §403 unconstitutionally discriminates based on the content of speech, violating both the First and Fourteenth Amendments.

31.  Laws are considered content-based and therefore presumptively unconstitutional when the speech must be examined by the regulating party to determine whether a violation of the law has occurred. Moreover, when a statute contains exceptions to its application based on content, the restrictions themselves are content-based.

32. California Penal Code §403 impermissibly excepts from its dictates political and religious meetings -- content-based exceptions -- making such disruptions to differing standards before a speaker may be subject to criminal sanctions in those contexts. Thus, the code section describes exceptions to the rule in terms of subject matter (i.e. religious and political). To ascertain whether the speech of a party accused of violating §403 will be subject to the more exacting standards set for political speech or the lower standard established for religious speech, the subject matter must first be examined to determine whether it was political or religious in nature.

33. These content-based restrictions cannot be justified by a compelling government interest sufficient to overcome the chilling effect of the statute on constitutionally protected speech. To hold otherwise would produce inconsistent and constitutionally intolerable results, distinguishing on the identity of the speaker and/or the content of the speech.

## SECOND CLAIM FOR RELIEF

### FIRST and FOURTEENTH AMENDMENTS; 42 U.S.C. §1983
### CALIFORNIA CONSTITUTION §7
### DUE PROCESS OF LAW

34. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 33, hereof, inclusive.

35. California Penal Code §403 is unconstitutionally vague in violation of the First and Fourteenth Amendments to the United States Constitution and §7 of the California State Constitution in that it fails to provide the citizens of California with adequate guidance as to what activity is punishable by law. Specifically, it fails to notify protesters when their speech will be subjected to the heightened requirement of "threats, intimidations or unlawful violence" as per California Elections Code §18340, compared to the "substantial" disruption standard of §403.

36. Both sections force reasonably intelligent persons to guess as to when and how each statute may be applied. The statutes are susceptible of multiple constructions, none of which are readily apparent upon a plain reading.

## REQUEST FOR RELIEF

Plaintiffs request relief as follows:

1. A declaration that California Penal Code §403 is facially unconstitutional and therefore void;

2. A temporary restraining order and/or a preliminary and permanent injunction, enjoining Defendants, their officers, agents and employees, from enforcing California Penal Code §403;

3. For costs of suit pursuant to 28 U.S.C. §1920 and 42 U.S.C. § 1988, as well as the analogous provisions of California law.

4. For attorneys' fees pursuant to 42 U.S.C. §1988 and California Code of Civil Procedure §1025.1.

5. For such other relief as this Court deems just and proper.

Dated: July 28, 2011                Respectfully submitted,

                                    By: *Carol A. Sobel*
                                        Carol A. Sobel
                                        Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

### CV11- 6274 JFW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
CAROL A. SOBEL   SBN 84483
Law Office of Carol A. Sobel
429 Santa Monica Blvd., Ste. 550
Santa Monica, CA 90401
t. 310 393-3055

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CPR for SKID ROW, an unincorporated association; HAMID KHAN, PETE WHITE; <br><br> PLAINTIFF(S) <br> v. <br><br> CITY OF LOS ANGELES, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> LACV11-6274 JFW(CWx) <br><br><br> SUMMONS |

TO:   DEFENDANT(S): CITY OF LOS ANGELES

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _CAROL A. SOBEL_____, whose address is _429 Santa Monica Blvd., Ste. 550, Santa Monica, CA 90401_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: July 29, 2011             By: _____
                                      Deputy Clerk

                                      (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS