**DECLARATION OF HAMID KHAN**

## DECLARATION OF HAMID KHAN

1. I am a plaintiff in this action. I am providing this declaration both as an individual plaintiff in this action and as a representative of the organizational plaintiff, CPR for Skid Row. I have personal knowledge of the facts contained within this declaration and, if I were called to testify to those facts, I could and would do so competently.

2. I am a member of CPR for Skid Row, an unincorporated association of community groups and individuals who advocate on behalf of the rights of persons who reside in the area of downtown Los Angeles commonly referred to as Skid Row. At the present time, I am a Soros Justice fellow working on a project out of an office in Skid Row.

3. On July 6, 2011, I participated in a protest of the Skid Row Neighborhood Watch Walk ("Walk").  The Walk is a monthly guided tour of Skid Row organized by the Central City East Association ("CCEA"), the entity which operates several of the Business Improvement Districts ("BIDS") in the area of Central City East.  This includes the area of Los Angeles commonly referred to as Skid Row.  It is my understanding that BIDS must be approved by the Los Angeles City Council and are subject to the Brown Act and other statutes regulating government and quasi-government entities.

4. On the occasions when I have participated in protesting the Walk, I have observed police officers and public officials leading various business owners through Skid Row and pointing out homeless individuals and property left on the streets and sidewalks by unknown persons.  CPR for Skid Row protests these events because we believe that the public officials who participate are demeaning and depersonalizing homeless individuals in order to gain support for repressive measures against the low-income residents of Skid Row who need critical assistance.  I and other participants in CPR for Skid Row move along on the public sidewalks behind the Walk, carrying signs and chanting our message.

5. During the July 6 protest, I saw Darren "Pete" White, founder and co-director of the Los Angeles Community Action Network, videotaping the protest and chanting with everyone else from a public sidewalk. As I watched, I witnessed police officers of the Los Angeles Police Department handcuff Pete White and transport him from the location in a police squad car at the direction of Lt. Paulson of the LAPD. I was also present when Lt. Paulson of the LAPD threatened to arrest the other lawful protestors, including me, and charge everyone with violating California Penal Code Section 403. I was able to observe the reaction of the other participants in the protest when this occurred. Many of the individuals associated with CPR for Skid Row are low-income residents of Skid Row. One reason why I as a housed individual participate in these expressive activities is to provide support and solidarity for the low-income residents of Skid Row. When they - and I - see Pete White arrested, who I know to be a leading advocate for the rights of homeless individuals on Skid Row, it creates apprehension that this is not a safe environment in which to express ourselves and even lawful protest will result in arrests.

6. On August 3, 2011, I again went out to protest the Skid Row Neighborhood Watch Walk. Although I did not want to risk arrest, I was informed by my counsel in this case that she had spoken with the City Attorney's office and was told that the LAPD had been instructed not to enforce § 403 until the Section's constitutionality was determined by the court. Based on this information, I felt that there would be no risk in protesting. However, once the August 3 protest began, Lt. Paulson again threatened to arrest us for chanting from the public sidewalk as the Walk proceeded through Skid Row. This time, Lt. Paulson said that while she would not arrest for a violation of Penal Code §403, she threatened to arrest us for disturbing the peace under California Penal Code § 415. The protest was the same in July, when I observed Pete White arrested, and in August, when Lt. Paulson threatened to arrest me and the others for violating Penal Code § 415. In each instance, we carried signs

1  and chanted our opposition to these public officials and the dehumanizing of the
2  residents of Skid Row.
3      7.    I want to continue to participate in lawful protest activity on a public
4  sidewalk without the risk of being arrested. Advocating for the human and civil
5  rights of persons who reside in the Skid Row area is important to me but every time
6  I protest the Walk the LAPD threatens to arrest us on a different basis. Even when
7  my counsel advised me that I could safely express my opposition to the August Walk
8  by chanting and walking behind the police and other elected officials leading the
9  Walk, Lt. Paulson threatened to arrest us based on a different penal code. I am
10 concerned that when we go out again, Lt. Paulson will find some other pretext for
11 arresting us if she is unable to do so under Penal Code §403.

13     I declare under penalty of perjury that the foregoing is true and correct.
14 Executed on August 19, 2011 in Los Angeles, California.

                                          _/s/ Hamid Khan_
                                          HAMID KHAN

**DECLARATION OF CAROL SOBEL**

DECLARATION OF CAROL A. SOBEL

1. I am the attorney for plaintiffs in this action. I have personal knowledge of the facts contained within this declaration and, if I were called to testify to those facts, I could and would do so competently.

2. On July 29, 2011, sent a letter to the Los Angeles City Attorney's Office, advising that I would seek a temporary restraining order to enjoin the enforcement of California Penal Code §403. A true and correct copy of the letter I sent to the City is attached at Exhibit A. Thereafter, I received a telephone call from Laurie Rittenberg, Assistant City Attorney, advising me that her section would be representing the City in this matter. Ms. Rittenberg also informed me in the same telephone conversation that the City would not enforce Penal Code §403 until the Court had determined its constitutionality. I then agreed I would not proceed by a temporary restraining order.

3. I advised my clients of my conversation with Asst. City Attorney Rittenberg and that they would not face arrest under Penal Code §403 if they again protested the monthly Skid Row Walk on August 3, 2011.

4. After my clients were again threatened with arrest on August 3, 2011, this time for a purported violation of Penal Code §415, I contacted attorney Rittenberg to discuss going forward on a preliminary injunction. I agreed to a briefing schedule that would provide additional time to the City to respond to the motion.

5. Because this action calls into question the constitutionality of a state statute, I also contacted the Office of the California Attorney General and spoke with Louis Verdugo, the head of the Civil Rights Division. Exhibit A, p. 2. Based on my discussion with Mr. Verdugo, it is my understanding that his office does not intend to intervene to defend the constitutionality of the statute in this motion. I have served

1 him with a copy of this motion so that he is fully advised of the progress of this action
2 and the basis for the challenge.

4      I declare under penalty of perjury that the foregoing is true and correct.
5 Executed on August 22, 2011 in Los Angeles, California.

                          /s/
                    CAROL A. SOBEL

**EXHIBIT A**

LAW OFFICE OF CAROL A. SOBEL
429 Santa Monica Boulevard, Ste. 550
Santa Monica, California 90401
t. 310 393-3055   f. 310 393-3605

July 29, 2011

Pedro Echeverria
Chief City Attorney, Civil Branch
City Hall East, 8th Fl.
Los Angeles, CA 90012

Cory Brente
Asst. City Attorney, Police Litigation
City Hall East, 6th fl.
Los Angeles, CA 90012

      Re:    CPR for SKID ROW, et al. v. City of Los Angeles

Dear Pete and Cory:

      I write concerning my intention to file for a temporary restraining order in the above-captioned action, which was filed today. This letter is directed to both of you to avoid Cory's complaint in Lavan, the property confiscation/destruction case before Judge Gutierrez, that he should have been notified, despite the fact that I did notify him in the Hollywood Characters case and the matter wound up being assigned to the Complex Business Litigation section. As soon as I have a file-stamped copy, I will serve it on the City Clerk and email a courtesy copy to each of you.

      The TRO will seek to enjoin the City from enforcing California Penal Code Section 403, disturbing a public meeting or assembly, on the basis that the statute violates the First and Fourteenth Amendments. The argument as to the unconstitutionality of the statute is set out in the complaint and will be the grounds upon which I will seek a TRO. As you may know, Pete White, one of the plaintiffs in the case and the co-director of LACAN, was arrested on July 6, 2011 while standing on a public sidewalk, videotaping and chanting with others, as the BID conducted a guided tour of the homeless population on Skid Row for local business owners. This was the third such walk led by the BID. Lt. Paulson ordered Mr. White's arrested and threatened everyone with arrest and conspiracy charges.

      I have contacted the California Attorney General's office to advise that I will be challenging the constitutionality of a state statute and will serve them with the TRO application as well. My intention is to file on Monday morning. The next BID walk is scheduled for this coming Wednesday.

      Please let me know your position on the temporary restraining order so I can inform the Court as to whether you intend to file an opposition.

Sincerely,

*Carol A. Sobel*

Carol A. Sobel

LAW OFFICE OF CAROL A. SOBEL
429 Santa Monica Boulevard, Ste. 550
Santa Monica, California 90401
t. 310 393-3055   f. 310 393-3605

By fax: 213 897-7605

July 29, 2011

Louis Verdugo
Office of the Attorney General
300 S. Spring Street
Los Angeles, CA 90013

Re:   CPR for SKID ROW, et al. v. City of Los Angeles

Dear Mr. Verdugo:

I write concerning my intention to file for a temporary restraining order in the above-captioned action, which was filed today. The defendant in the lawsuit is the City of Los Angeles. This letter is directed to you because the lawsuit challenges the constitutionality of a state criminal statute, specifically, Penal Code Section 402. As soon as I have a file-stamped copy, I will serve it on the City Clerk and email a courtesy copy to you.

The TRO will seek to enjoin the enforcement of California Penal Code Section 403, disturbing a public meeting or assembly, on the basis that the statute violates the First and Fourteenth Amendments. The argument as to the unconstitutionality of the statute is set out in the complaint and will be the grounds upon which I will seek a TRO. One of the plaintiffs in the case, Pete White, the co-director of an advocacy group on Skid Row, LACAN, was arrested on July 6, 2011 while standing on a public sidewalk, videotaping and chanting with others, as the Central City East Business Improvement District ("BID") conducted a guided tour of the homeless population on Skid Row for local business owners. This was the third such walk led by the BID. Lt. Paulson of the LAPD ordered Mr. White's arrest and threatened everyone else with his group with arrest and conspiracy charges.

My intention is to file on Monday morning. The next BID walk is scheduled for this coming Wednesday. I did speak with Antoinette Cordero about this matter shortly after the incident with the arrest and advised her that I believed the statute was unconstitutional.

Please let me know your position on the temporary restraining order so I can inform the Court as to whether you intend to intervene and file an opposition. If you would like to discuss this matter, please feel free to call me.

Sincerely,

*Carol A. Sobel*

Carol A. Sobel