CAROL A. SOBEL SBN 84483
LAW OFFICE OF CAROL A. SOBEL
429 Santa Monica Blvd, Suite 550
Santa Monica, CA 90401
T. (310 393-3055 F. 310 393-3605
E. Carolsobel@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CPR for SKID ROW, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | Case No.: LACV 11-6274 JFW (CWx)<br><br>**[PROPOSED] ORDER RE MOTION FOR A PRELIMINARY INJUNCTION AND/OR DECLARATORY RELIEF**<br><br>Date: October 3, 2011<br>Time: 1:30 p.m.<br>Ctrm: 16  (Hon. John Walter) |

Plaintiffs' motion for a preliminary injunction and/or declaratory relief came on for hearing on October 3, 2011 at 1:30 p.m. in Courtroom 16 of the United States District Court for the Central District of California, the Honorable John F. Walter, district judge presiding.

After reviewing the memoranda and declarations in support of an in opposition to the motion, the Court finds that plaintiffs have met the requirements for the issuance of a preliminary injunction.

In 1971, the California Supreme Court held that Penal Code §403 was unconstitutionally overbroad. Faced with an appeal from three individuals convicted

1  under the statute for protesting at a July 4th celebration in a public park, at which then
2  Congressman John Tunney was a speaker, the Court found that, by its plain terms,
3  California Penal Code §403 was overbroad and would criminalize a considerable
4  amount of presumptively protected political expression, including the clapping and
5  shouting of the appellants in *In re Kay*, 1 Cal.3d 930 (1971). Accordingly, the Court
6  imposed a requirement that the expressive activity amount of "substantial disruption"
7  before it could be made subject to criminal penalties.
8      The Court did not reach a vagueness challenge to the statute. *Id.* at 945. Nor did
9  or could the Court have addressed a First Amendment equal protection analysis since
10 that doctrine was not announced by the United States Supreme Court until *Police*
11 *Department of Chicago v. Mosley*, 408 U.S. 92 (1972), decided two years after *In re*
12 *Kay*.
13     A facial challenge to a law affecting First Amendment rights, as Penal Code
14 §403, is proper because of the risk of criminal prosecution if such laws are addressed
15 only on a case-by-case basis "and tested only by those hardy enough to risk criminal
16 prosecution to determine the proper scope of regulation." *Dombrowski v. Pfister*, 380
17 U.S. 479, 487 (1965). Here, one arrest has already occurred and more are threatened.
18 For those reasons, plaintiffs present a concrete and imminent situation in which
19 political expression and association rights are at stake. As the Supreme Court has long
20 emphasized, First Amendment freedoms need "breathing space" and the "threat of
21 sanctions may deter their exercise almost as potently as the action application of the
22 sanctions." *NAACP v. Button*, 371 U.S. 415, 433 (1963) (internal citation omitted).
23     There is no compelling interest for the government to create greater protection
24 for political speech when "electors" are involved. Debate on public issues is entitled
25 to no lesser guarantee if those assembled are not eligible to vote or the issue is not
26 related to a specific election. The right to criticize public officials, no matter how
27 uncomfortable that may be, is fundamental to our democratic system.
28     Because there is no saving construction that can be given to the statute since, by

its plain terms, Penal Code §403 creates impermissible exemptions based on speech, a preliminary injunction must be granted to enjoin enforcement of the statute.

Accordingly, the motion is granted. Plaintiffs have shown a likelihood of prevailing on the merits. They have also shown that they risk irreparable harm from the threat of arrest if they exercise their fundamental rights in a quintessential public forum. At the same time, there is no harm to defendant City. If plaintiffs engage in unprotected expressive activity posing an imminent threat of violence, or if they violate other content-neutral laws regulating the time, place and manner of speech, they may be arrested. But unless and until they do so, their rights to be on a public sidewalk and chant their opposition to the conduct of public officials is inviolable. Finally, because this action involves core First Amendment rights, it is in the public interest that an injunction should issue. *See Sammartano v. First Judicial District Court, in and for County of Carson City*, 303 F.3d 959, 974 (9th Cir. 2002) ("Courts considering requests for preliminary injunctions have consistently recognized the significant public interest in upholding First Amendment principles.").

The Court finds that the requirements of F.R.Civ.P. 65 to post a bond should be waived in this instance. There is no risk of financial harm to defendant City of Los Angeles if it is enjoined from enforcing Penal Code §403. *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

Dated: _____   _____
UNITED STATES DISTRICT JUDGE

Lodged by:

LAW OFFICE OF CAROL A. SOBEL

_____/s/_____
By: CAROL A. SOBEL
Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing document has been made this day on the following individuals by U.S. Mail and/or email:

Laurie Rittenberg
Kimberly Ericksen
Asst. City Attorney
200 N. Main Street
City Hall East, 9th Floor
Los Angeles, CA 90012
e. laurie.rittenberg@lacity.org
e. kimberly.ericksen@lacity.org

Louis Verdugo
Office of the Attorney General
300 S. Spring Street
Los Angeles, CA 90013
(U.S. Mail only)

Dated: August 22, 2011                            /s/
                                          CAROL A. SOBEL