CARMEN A. TRUTANICH, City Attorney (SBN (86629x)
GARY G. GEUSS, Chief Assistant City Attorney (SBN 128022)
LAURIE RITTENBERG, Assistant City Attorney (SBN 106683)
KIMBERLY A. ERICKSON, Deputy City Attorney (SBN 213634)
ADENA M. HOPENSTAND, Deputy City Attorney (SBN 228857)
200 North Main Street, Room 916
Los Angeles, California 90012
Telephone: 213.473.6877
Facsimile: 213.473.6818
kimberly.erickson@lacity.org
adena.hopenstand@lacity.org

Attorneys for Defendant
**CITY OF LOS ANGELES**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CPR for SKID ROW, an unincorporated association; HAMID KHAN, PETE WHITE<br><br>                    Plaintiffs,<br>       v.<br>CITY OF LOS ANGELES,<br><br>                    Defendant. | CASE NO.:  CV11-6274JFW(CWx)<br><br>**DEFENDANT CITY OF LOS ANGELES' ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Hon. John F. Walter] |

CITY'S ANSWER TO COMPLAINT

COMES NOW Defendant CITY OF LOS ANGELES ("Defendant" or "City"), and in answering the Complaint by Plaintiffs CPR for SKID ROW ("CPR"), an unincorporated association, Hamid Khan ("Khan"), and Pete White ("White") (collectively, "Plaintiffs"), for itself and for no other parties, admits, denies, and alleges as follows:

### JURISDICTION AND VENUE

1.      In response to paragraph 1, Defendant admits that Plaintiffs seek the relief sought by this action and that this Court has jurisdiction and/or supplemental jurisdiction over the claims in this case. Except as heretofore expressly admitted, Defendant denies generally and specifically each and every allegation contained in paragraph 1, including but not limited to that Plaintiffs are entitled to the relief sought.

2.      In response to paragraph 2, Defendant admits venue is proper, but except as heretofore expressly admitted, Defendant denies generally and specifically each and every allegation contained in paragraph 2.

### INTRODUCTORY STATEMENT

3.      In response to paragraph 3, Defendant admits that White was arrested on July 6, 2011 and that he was directed to be taken into custody for a violation of Penal Code section 403.  Defendant is without information and belief to either admit or deny the allegations regarding the motivation or content of the alleged protest of Plaintiffs and on that basis denies those allegations in paragraph 3 pertaining to same.  Except as heretofore expressly admitted or denied upon information and belief, Defendant denies generally and specifically each and every allegations contained in paragraph 3.

4.       In response to paragraph 4, Defendant admits that California Penal Code Section 403 ("Section 403") speaks for itself and that violation of Section 403 is a misdemeanor.  Except as heretofore expressly admitted, Defendant is without information and belief to either admit or deny the allegations contained in paragraph 4 and based thereon denies each and every allegations contained therein.

5.     In response to paragraph 5, Defendant denies generally and specifically each and every allegation therein.

6.     In response to paragraph 6, Defendant denies generally and specifically each and every allegation therein.

7.     In response to paragraph 7, Defendant admits that Section 403 and any and all statutory references incorporated therein speak for themselves.  Except as heretofore expressly admitted, Defendant denies generally and specifically each and every allegation in paragraph 7.

8.     In response to paragraph 8, Defendant denies generally and specifically each and every allegation therein.

9.     In response to paragraph 9, Defendant denies generally and specifically each and every allegation therein.

10.     In response to paragraph 10, Defendant denies generally and specifically each and every allegation therein.

11.     In response to paragraph 11, Defendant denies generally and specifically each and every allegation therein.

12.     In response to paragraph 12, Defendant admits the title of Section 403. Except as heretofore expressly admitted, Defendant denies generally and specifically each and every allegation in paragraph 12.

13.     In response to paragraph 13, Defendant admits that California elections Code Section 18340 ("Section 18340") speaks for itself and that the language of Section 18340 is quoted in paragraph 13.  Except as heretofore expressly admitted, Defendant denies generally and specifically each and every allegation in paragraph 13.

14.     In response to paragraph 14, Defendant denies generally and specifically each and every allegation therein.

15.     In response to paragraph 15, Defendant denies generally and specifically each and every allegation therein.

**PARTIES**

16.     In response to paragraph 16, Defendant is without information and belief to either admit or deny the allegations regarding the composition of CPR or what kind of entity it is and on that basis denies those allegations in paragraph 16 pertaining to same. Except as heretofore expressly admitted or denied upon information and belief, Defendant denies generally and specifically each and every allegations contained in paragraph 16.

17.     In response to paragraph 17, Defendant is without information and belief to either admit or deny the allegations therein regarding Khan's membership in CPR and Khan's concerns and on that basis denies those allegations. Except as heretofore expressly admitted or denied upon information and belief, Defendant denies generally and specifically each and every allegations contained in paragraph 17.

18.     In response to paragraph 18, Defendant is without information and belief to either admit or deny the allegations therein regarding White's membership in CPR or his alleged fears and on that basis denies those allegations.  Defendant also admits that Lieutenant Paulson of the Los Angeles Police Department approached White and verbally advised him that he was under arrest and directed officers to take him into custody for a violation of Section 403. Defendant further admits that White was transported to and booked at 77th Jail Division, that he was subsequently released, and no charges have been filed against him regarding this arrest.  Except as heretofore expressly admitted, Defendant denies generally and specifically each and every allegation in paragraph 18.

19.     In response to paragraph 19, Defendant admits that Defendant is a municipal entity, organized under the laws of the State of California as a Charter City. Defendant also admits that it has the capacity to sue and be sued. Defendant further admits that the Los Angeles Police Department is a City department.  Defendant admits as well that it may be responsible for actions of the Los Angeles Police Department's officials, agents, and employees, subject to applicable defenses and immunities regarding same.  Defendant is without information and belief to either admit or deny the allegations pertaining to the alleged bases upon which Plaintiffs sue the City in this action and on that basis denies those allegations.  Except as heretofore expressly admitted or denied on the

4

basis of information and belief, Defendant denies generally and specifically each and every allegation in paragraph 19.

## STATEMENT OF FACTS

20.     In response to paragraph 20, Defendant is without information and belief to either admit or deny the allegations pertaining to CPR's and/or the Central City East Association's ("CCEA") activities or the purposes, organization, of or attendance regarding same and on that basis denies the allegations in paragraph 20.

21.     In response to paragraph 21, Defendant is without information and belief to either admit or deny the allegations pertaining to Plaintiffs' goals and on that basis denies the allegations in paragraph 21.

22.     In response to paragraph 22, Defendant is without information and belief to either admit or deny the allegations pertaining to the alleged content of signs or slogans or the alleged purposes for Plaintiffs' alleged actions and on that basis denies those allegations regarding same.  Except as heretofore expressly admitted or denied on information and belief, Defendant denies generally and specifically each and every allegation in paragraph 22.

23.     In response to paragraph 23, Defendant admits that White was arrested on July 6, 2011 and that he was directed to be taken into custody for a violation of Penal Code section 403.  Defendant further admits that section 403 speaks for itself and the quoted language reflects the title of Section 403.  Defendant is without information and belief to either admit or deny the allegations regarding White's role in the Los Angeles Community Action Network or the purpose for that group and on that basis denies those allegations in paragraph 23 pertaining to same.  Except as heretofore expressly admitted or denied upon information and belief, Defendant denies generally and specifically each and every allegations contained in paragraph 23.

## California Penal Code §403

24.     In response to paragraph 24, Defendant admits that Section 403 was enacted in 1872, Section 403 speaks for itself, and that the language of Section 403 is quoted in

paragraph 24.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in paragraph 24.

25.    In response to paragraph 25, Defendant admits that the California Supreme Court's decision *In Re Kay*, 1 Cal. 3d 930 (1970) speaks for itself.  Defendant lacks information and belief to either admit or deny the allegations regarding all instances of when courts have "substantively" reviewed Section 403, or the timing of all relevant Equal Protection jurisprudence in the First Amendment context or the nature, timing, and extent of case law that has developed at "all levels of the judiciary," and on that basis denies those allegations.  Except as expressly admitted or denied on the basis of information and belief, Defendant denies generally and specifically each and every allegation in paragraph 25.

26.    In response to paragraph 26, Defendant admits that Sections 403, Section 18340, and California Elections Code Section 321 speak for themselves and that the language of Section 18340 and California Elections Code Section 321 is quoted in paragraph 26.  Defendant lacks information and belief to either admit or deny the allegations regarding the statutory language over 150 ago and on that basis denies those allegations.  Except as expressly admitted or denied on the basis of information and belief, Defendant denies generally and specifically each and every allegation in paragraph 26.

27.    In response to paragraph 27, Defendant denies generally and specifically each and every allegation therein.

28.    In response to paragraph 28, Defendant denies generally and specifically each and every allegation therein.

//

CITY'S ANSWER TO COMPLAINT

**FIRST CLAIM FOR RELIEF**

**FIRST AND FOURTEENTH AMENDMENTS; 42 U.S.C. §1983**

**CALIFORNIA CONSITUTION §§2,3,7**

**FREEDOM OF SPEECH AND EQUAL PROTECTION OF THE LAW**

29.     In response to paragraph 29, Defendant reincorporates by reference each and every admission, denial based upon information and belief, and denials set forth in response to paragraphs 1 through 28.

30.     In response to paragraph 30 (page, 10, lines 15-17), Defendant denies generally and specifically each and every allegation therein.

31.     In response to paragraph 30 [erroneously numbered] (page 10, lines 18-23), Defendant denies generally and specifically each and every allegation therein.

32.     In response to paragraph 31, Defendant denies generally and specifically each and every allegation therein.

33.     In response to paragraph 32, Defendant denies generally and specifically each and every allegation therein.

34.     In response to paragraph 33, Defendant denies generally and specifically each and every allegation therein.

**SECOND CLAIM FOR RELIEF**

**FIRST and FOURTEENTH AMENDMENTS; 42 U.S.C. §1983**

**CALIFORNIA CONSTITUTION §7**

**DUE PROCESS OF LAW**

35.     In response to paragraph 34, Defendant reincorporates by reference each and every admission, denial based upon information and belief, and denials set forth in response to paragraphs 1 through 33.

36.     In response to paragraph 35, Defendant denies generally and specifically each and every allegation therein.

37.     In response to paragraph 36, Defendant denies generally and specifically each and every allegation therein.

CITY'S ANSWER TO COMPLAINT

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### *Failure to State a Claim*

For the first, separate and distinct affirmative defense to the Complaint, the City alleges:

1.      The Complaint fails to state facts sufficient to constitute a cause of action against the City.

## SECOND AFFIRMATIVE DEFENSE

### *Lack of Standing*

For the second, separate and distinct affirmative defense to the Complaint, the City alleges:

2.      Plaintiffs lack standing to bring these causes of action and/or the requested relief sought in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### *Mootness or Ripeness*

For the third, separate and distinct affirmative defense to the Complaint, the City alleges:

3.      To the extent any of Plaintiffs' claims are moot or not ripe for adjudication, that claim should be dismissed as to those Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

### *Failure to Join an Indispensable Party*

For the fourth, separate and distinct affirmative defense to the Complaint, the City alleges:

4.      Plaintiffs' claims cannot be redressed in whole or in part without non-parties whom Plaintiff has failed to join in this action.

//

## FIFTH AFFIRMATIVE DEFENSE

### *Content Neutral*

For the fifth, separate and distinct affirmative defense to the Complaint, the City alleges:

5. Plaintiffs' claims are without merit because they pertain to permissible content-neutral regulation.

## SIXTH AFFIRMATIVE DEFENSE

### *Valid Time, Place, and Manner Restriction*

For the sixth, separate and distinct affirmative defense to the Complaint, the City alleges:

6. Plaintiffs' claims are without merit because they pertain to valid time, place and manner regulation.

## SEVENTH AFFIRMATIVE DEFENSE

### *Quasi-immunity*

For the seventh, separate and distinct affirmative defense to the Complaint, the City alleges:

7. To the extent Plaintiffs' claims are directed towards liability of a public official, a public official performing a discretionary function enjoys qualified immunity in a civil action for damages where his/her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known.

## EIGHTH AFFIRMATIVE DEFENSE

### *Immunity*

For the eighth, separate and distinct affirmative defense to the Complaint, the City alleges:

8. The City is immune from liability pursuant to statutory immunities as codified in California Government Code sections 815.2, 820.2, 820.4, and 820.6.

//

## NINTH AFFIRMATIVE DEFENSE

### *No Serious Risk of Irreparable Harm*

For the ninth separate and distinct affirmative defense to the Complaint, the City alleges:

9.     Plaintiffs have failed to set forth facts showing a serious risk of irreparable harm.

## TENTH AFFIRMATIVE DEFENSE

### *No Likelihood that Plaintiffs Will Prevail on the Merits*

For the tenth separate and distinct affirmative defense to the Complaint, the City alleges:

10.     Plaintiffs have failed to set forth facts to support the likelihood that Plaintiffs will prevail on the merits.

## ELEVENTH AFFIRMATIVE DEFENSE

### *The Balance of Competing Interests Weights In Favor Of The City Only*

For the eleventh separate and distinct affirmative defense to the Complaint, the City alleges:

11.     Plaintiffs have failed to set forth facts to show the balance of competing interests weigh in their favor, rather than weigh in favor of the City only.

## TWELFTH AFFIRMATIVE DEFENSE

### *Failure to Mitigate*

For the twelfth separate and distinct affirmative defense to the Complaint, the City alleges:

12.     Plaintiffs are barred from recovering monetary damages to the extent that they failed to mitigate, and failed to reasonably attempt to mitigate, their damages as required by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### *No Right to Attorneys' Fees and Costs – Unreasonably Incurred or Excessive*

For the thirteenth separate and distinct affirmative defense to the Complaint, the City alleges:

13.     Plaintiffs are not entitled to recover attorneys' fees or costs from the City as alleged in the Complaint.  In the alternative, to the extent that Plaintiffs are entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

## FOURTEENTH AFFIRMATIVE DEFENSE

### *No Attorneys' Fees – Failure to Satisfy Elements of Statute*

For the fourteenth separate and distinct affirmative defense to the Complaint, the City alleges:

14.     Plaintiffs are not entitled to recover attorneys' fees for failure to satisfy the necessary elements of prevailing on a claim for attorneys' fees under the statutes alleged.

## FIFTEENTH AFFIRMATIVE DEFENSE

### *No Causation*

For the fifteenth separate and distinct affirmative defense to the Complaint, the City alleges:

15.     If Plaintiffs have sustained, or will sustain, any of the injuries, losses or damages claimed, then they were caused solely by the actionable conduct of Plaintiffs, or other persons, parties or entities other than Defendant, and by no act or omission for which Defendant may be held legally or equitably responsible.  To the extent that any such injuries, losses or damages were caused by the actionable conduct of persons, parties or entities other than the defendant, they are not recoverable from Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### *Failure to Present a Claim*

For the sixteenth separate and distinct affirmative defense to the Complaint, the City alleges:

16.     Plaintiffs are not entitled to bring and/or recover on their Complaint to the extent seeking damages because they have failed to discharge each of the conditions precedent to suit, including without limitation by failing to file a claim in accordance with Sections 910 and 945.4 of the California Government Code.

CITY'S ANSWER TO COMPLAINT

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

### *Statute of Limitations*

For the seventeenth separate and distinct affirmative defense to the Complaint, the City alleges:

17.     The Complaint, and each purported cause of action alleged in the Complaint, is barred to the extent that it relies on events that occurred before the period captured by the running of the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### *Waiver and/or Estoppel*

For the eighteenth separate and distinct affirmative defense to the Complaint, the City alleges:

18.     The claims of the Complaint are barred by the doctrine of waiver and estoppel.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury.

WHEREFORE, Defendant prays that:

1.     The Complaint be dismissed;

2.     The request for declaration that California Penal Code §403 is facially unconstitutional and therefore void be denied;

3.     The application for temporary restraining order and/or preliminary and permanent injunction injunctive relief be denied;

4.     Plaintiffs take nothing by this proceeding;

5.     Defendant recover its reasonable attorneys' fees and costs; and

6.     The Court awards such other relief as it considers proper.

1   DATED: September 12, 2011   CARMEN A. TRUTANICH, City Attorney
2                                      GARY G. GEUSS, Chief Assistant City Attorney
3                                      LAURIE RITTENBERG, Assistant City Attorney
KIMBERLY A. ERICKSON, Deputy City Attorney
4                                      ADENA M. HOPENSTAND, Deputy City Attorney

5                                    By   /s/ Kimberly A. Erickson
6                                          Kimberly A. Erickson
7                                          Deputy City Attorney
                                          Attorneys for Defendant

13