DECLARATION OF CAROL A. SOBEL

I, CAROL A. SOBEL, declare:

1.      I am an attorney admitted to practice before the Supreme Court of California and this Court.  I have personal knowledge of the facts set forth below and could testify competently to those facts if called to do so.

2.      Attached at Exhibit 1 is a timeline I prepared from the video evidence submitted by Defendant at Exhibit 3.  I printed out frames from the video footage of the July 6, 2011 incident at which Mr. White was arrested.  The date and time on each frame is as it appears on the actual video.  The frames are attached at Exhibit 2.

3.      I also reviewed the portion of Defendant's video in which Lt. Paulson showed photographs to the officers at roll call of the individuals she asserted had violated Penal Code §403 at past Safety Walks and for whom the LAPD had "open charges."  I have represented several of the individuals depicted in those photographs at 17:15:40 - 17:16:46 on the first segment of the July 6 videos submitted by Defendant.  Mr. White was not among the individuals shown who were alleged to have violated the law in the past in the Safety Walks.

4.      Attached at Exhibit 3 is an article from the Los Angeles Times online blog, "Gay LAPD Officer Wins $1 Million Judgment in Retaliation Case."  The blog entry is dated May 19, 2011.  I downloaded the article from the Los Angeles Times website.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of September, 2011 at Santa Monica, California.

/s/
CAROL A. SOBEL

EXHIBIT 1

**TIMELINE AND TRANSCRIPT OF DEFENDANT'S JULY 6, 2011 VIDEO: EXHIBIT 2**

**Segment 1**

| Time | Depiction | Statement | Pl. Ex. |
|------|-----------|-----------|---------|
| 17:15:40-17:16-46 | Lt. provides photos of targeted individuals from past protests against the Safety Walk - White is not one of them | | |

**Segment 2**

| Time | Depiction | Statement | Pl. Ex. |
|------|-----------|-----------|---------|
| 17:27:48-17:28 | Lt. Paulson talking at roll call | people "who are very blatantly engaging in violations" will be arrested as "chosen by" the Lt. or the Captain | |
| 17:29:26 | Lt. Paulson talking at roll call | We are going to "peel one person off at a time" | |
| 18:07 | White at front of march with video camera | | Ex.2:2 |
| 18:07:17 | White stops on sidewalk and videos as march goes past him | | |
| 18:07:40 | Lt. Paulson speaks to green hat; White in back videotaping | | |
| 18:10:07 | White videotapes and calls out to Sgt. Crump | | |
| 18:10:57 | Lt. Paulson first tells White to stop making statements re Sgt. Crump | White responds: "I can talk." | Ex.2:3 |
| 18:11:00 | Lt. Paulson says White can't make statements to Crump | "That's a personal issue." | Ex.2:4 |
| 18:11:25 | Lt. Paulson speaks to woman next to White as he videotapes | "Tell him not to ask it." | |
| 18:11:32 | White responds to Paulson's order. | "It was in the LA Times." | |
| 18:16:22 | White repeats comment to Sgt. Crump | | |

**Segment 3**

| Time | Depiction | Statement | Pl. Ex. |
|---|---|---|---|
| 18:19:58 | White videotaping | | Ex.2:5 |
| 18:20:15 | White videotaping at back of march | | Ex.2:6 |
| 18:21:31-18:22 | Capt. Chamberlain speaking to legal observer as White videos | warns of arrests for PC 403 or 415 for using airhorns right up against someone's face; remarks to White | Ex.2:7 |
| 18:24:46 | White on sidewalk videotaping | | Ex.2:8 |
| 18:29:39 | White at back of march | | Ex.2:9 |
| 18:33:26-35:05 | Lt. Paulson talking to green hat; White is videotaping | "getting real close here" to making an arrest; "people are going to start going to jail" | Ex.2:10-13 |
| 18:33:41 | Lt. Paulson talking to green hat | will make "an arrest for disrupting and creating a disturbance" | " |
| 18:34:14 | Lt. Paulson talking to green hat | "people put their names on letters" | Ex.2:12 |
| 18:35 | "Safety Walk" moves down the block as White continues to videotape | | Ex.2:12 a |
| 18:36:32 | Estela Lopez stops to discuss clothes dump | | Ex.2:13 |
| 18:36:57 | White is in back of the group, videotaping police on the other side of the street | | Ex.2:14 |
| 18:38:11 | White videotapes as march passes in back of him | | Ex.2:15 |
| 18:38:24 | 18White videos as march moves past him | **CITY VIDEO SEGMENT ENDS** | |
| 18:42:31 | White is in handcuffs being walked down street | **CITY VIDEO RESTARTS** | |
| 18:43:10 | Lt. Paulson speaking to Becky Dennison re arrest of White and other potential arrests | Paulson states basis of arrest: "You demanded an end to the meetings." | |

**EXHIBIT 2**



Ex. 2 - page 1



Ex.2 -p.2



Ex. 2- page 3

I



Ex. 2 - page 4



Ex.2, p.5



DATE JUL 6 2011
TIME 18:20:15

Ex.2, p.6



Ex. 2 p.7

DATE JUL - 6 2011
TIME 18:24:46

Ex. 2, p. 8



DATE JUL  6 2011
TIME 18:29:39





DATE JUL 6 2011
TIME 18:33:32

Ex. 2, p. 10



Ex.2, p.11



DATE JUL 6 2011
TIME 18:34:14

Ex. 2, p. 12



DATE JUL 6 2011 TIME 18:35:05



Ex. 2, p. 13



Ex. 2, p. 14



Ex.2, p.15

**EXHIBIT 3**

# Los Angeles Times | LOCAL



CONTROL YOUR POWER.
DON'T LET IT CONTROL YOU.

ClearEdge|POWER
Power Your Independence.™

# L.A. NOW

SOUTHERN CALIFORNIA -- THIS JUST IN

## Gay LAPD officer wins $1-million judgment in retaliation case

*May 19, 2011 | 4:32 pm*

A jury on Thursday awarded $1.1 million to a Los Angeles police sergeant and media relations spokesman who said he had been harassed and suffered retaliation after complaining that a supervisor mistreated him because he is gay.

Sgt. Ronald Crump sued the city last year, alleging that his direct supervisor at the Los Angeles Police Department Media Relations Section -- Lt. John Romero -- made derogatory remarks about his homosexuality. Romero, who has since been promoted to captain, allegedly described him as "the new Ruby minus the heels," in reference to the woman he replaced in the unit.

On another occasion, Romero allegedly told him, "I was a religion major at Liberty University. Jerry Falwell would roll over in his grave if he knew I had hired you."

Thursday's decision is the second large judgment against the LAPD in as many months. Last month, a jury awarded $2 million to two Los Angeles police officers in a civil suit against the city and the department, alleging there was a "quota system" for writing traffic tickets on the city's Westside.

John Franklin, a spokesman for Los Angeles City Atty. Carmen Trutanich, said the office is reviewing its legal options.

Gregory Smith, the attorney who was victorious in both cases, said Crump's suit is the latest example of the department's failure to fairly investigate discrimination and retaliation cases.

"We offered to settle this case for $100,000 and a transfer for Sgt. Crump to Hollywood Division. The department rejected that offer," Smith said. "From 2008 through 2009, there were approximately 350 investigations done by the LAPD concerning internal complaints of discrimination and retaliation of officers against officers, only one of which was upheld."

Crump, who worked in the media relations section from December 2008 to July 2009, made several attempts to voice his concerns through official channels -- including meetings with the civilian commander of media relations, Smith said.

Crump also filed a written complaint, which was ultimately determined to be unfounded by the LAPD's Professional Standards Bureau.

In the summer of 2009, he was transferred to the the skid row area. Crump argued to the jury that the transfer from the prestigious media relations section was punitive and that it cost him future opportunities for promotion.

"It was a serious dilemma for me to sue the agency that I admire and respect," Crump told The Times on Thursday. "But my commanding officer made poor decisions that, unchallenged, would have had a serious effect on me and other employees who are retaliated against."

A Times Investigation found that over the last decade, at least 16 other officers have won million-dollar-plus jury verdicts or settlements from the city in lawsuits in which they leveled accusations of sexual harassment, racial discrimination, retaliation and other workplace injustices. Dozens more officers have won five- or six-figure paydays.

In response to a report by the Inspector General's office, the LAPD acknowledged that there were serious shortcomings in the way it investigates officers' retaliation charges. LAPD officials vowed to make improvements and increase training for supervisors who are often accused of workplace misconduct.

**ALSO:**

Huge waves hit Southern California beaches [Photos]

Schwarzenegger puts acting career on hold to focus on 'personal matters'

L.A. residents angry over special treatment of City Council's parking tickets

-- Andrew Blankstein (On Twitter via @anblanx)

ADS BY GOOGLE

Employment law harassment
Expertise in workplace harassment. Call 310-201-9699 or visit our site
WeidmannLaw.com

California Lawsuit Loans
Fast Cash for Pending Lawsuits Free Quote - Get Cash Now