UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CPR, et al., | ) | Case No. **CV 11-6274-JFW (CWx)** |
| | ) | |
| Plaintiff, | ) | **SCHEDULING AND CASE MANAGEMENT** |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| City of Los Angeles, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The purpose of this Order is to notify the parties and their counsel of the deadlines and the schedule that will govern this action.  SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES.  Ordinarily, the dates set forth on the last page are determined after consultation with the parties at the Fed.R.Civ.P. 16(b) Scheduling Conference and this Order is distributed to them at that time.  Accordingly, the dates and requirements are firm.  The Court is very unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a concrete showing. **Because this Order in some respects modifies the applicable Local Rules, counsel are advised to read it carefully to**

**avoid default on the obligations established herein.  Counsel**
**are advised to pay particular attention to the requirements**
**of the Court with respect to electronic filing, the filing of**
**motions for summary judgment, and the documents to be**
**submitted at the Pre-Trial Conference and Trial.**

IT IS HEREBY ORDERED:

**1.    ELECTRONIC FILING AND COURTESY COPIES**

All documents that are required to be filed in an
electronic format pursuant to the General Order Authorizing
Electronic Filing shall be filed electronically no later than
4:00 p.m. on the date due unless otherwise ordered by the
Court.  Any documents filed electronically after 4:00 p.m. on
the date due will be considered late and may be stricken by
the Court.  Any documents that counsel attempt to file
electronically which are improperly filed will not be
accepted by the Court.

Counsel are ORDERED to deliver **2 copies** of all documents
filed electronically to Chambers**.**  For each document filed
electronically, one copy shall be marked "CHAMBERS COPY" and
the other copy shall be marked "COURTESY COPY."  The
"CHAMBERS COPY" and "COURTESY COPY" are collectively referred
to herein as "Courtesy Copies."  The Courtesy Copies of each
electronically filed document must include on each page the
running header created by the ECF system.  In addition, on
the first page of each Courtesy Copy, in the space between
lines 1 - 7 to the right of the center, counsel shall include
the date the document was e-filed and the document number.
The Courtesy Copies shall be delivered to Chambers no later

1    than 10:00 a.m. on the next business day after the document

2    was electronically filed.  All documents must be stapled or

3    bound by a two prong fastener, the electronic proof of

4    service must be attached as the last page of each document,

5    and all Exhibits to Declarations or Requests for Judicial

6    Notice must be tabbed.  Counsel shall not staple the

7    "COURTESY COPY" and "CHAMBERS COPY" together.  The "COURTESY

8    COPY" of all documents must be three-hole punched at the left

9    margin with oversized 13/32" hole size, not the standard

10   9/32" hole size.

11       For any document that is not required to be filed

12   electronically, counsel are ORDERED to deliver 1 conformed

13   copy of the document, which shall be marked "COURTESY COPY,"

14   to Chambers **at the time of filing**.

15       When a proposed order accompanies an electronic filing, a

16   WordPerfect or Word copy of the proposed order, along with a

17   copy of the PDF electronically filed main document, shall be

18   e-mailed to JFW_Chambers@cacd.uscourts.gov.  The subject line

19   of the e-mail shall be in the following format: court's

20   divisional office, year, case type, case number, document

21   control number assigned to the main document at the time of

22   filing, judge's initials and filer (party) name.  Failure to

23   comply with this requirement may result in the denial or

24   striking of the request or the Court may withhold ruling on

25   the request until the Court receives the required documents.

26   **2.   DISCOVERY**

27       All discovery shall be completed by the discovery cut-off

28   date specified on the last page of this Order.  **THIS IS <u>NOT</u>**

3

**THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY, INCLUDING EXPERT DISCOVERY, SHALL BE COMPLETED.** The Court does not enforce side agreements to conduct discovery beyond the discovery cut-off date.

Any motion challenging the adequacy of responses to discovery must be heard sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.

In an effort to provide further guidance to the parties, the Court notes the following:

**(a)  Depositions**

All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date.

**(b)  Written Discovery**

All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

**(c)  Discovery Motions**

Whenever possible, the Court expects the parties to resolve discovery issues among themselves in a courteous, reasonable, and professional manner.  If they do so, resort to the Court for guidance in discovery is seldom necessary.

The Magistrate Judge assigned to this case will rule on discovery motions.

    **(d)   Expert Discovery**

    If expert witnesses are to be called at trial, the parties shall designate <u>affirmative</u> experts to be called at trial and shall provide reports required by Fed.R.Civ.P. 26(a)(2)(B) not later than eight weeks prior to the discovery cut-off date. <u>Rebuttal</u> expert witnesses shall be designated and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B) not later than five weeks prior to the discovery cut-off date. Any non-retained expert designated by a party as an affirmative or rebuttal expert shall also prepare and provide an expert report in the form described by Fed.R.Civ.P. 26(a)(2)(B). Expert witnesses will be bound by the opinions expressed in their reports prepared in accordance with Fed.R.Civ.P. 26(a)(2)(B) and will not be permitted to offer new opinions at trial. Failure to timely comply with this deadline will result in the expert being excluded at trial as a witness.

**3.   MOTIONS - GENERAL PROVISIONS**

    All law and motion matters, except for motions in limine, must be set for <u>hearing</u> (not filed) by the motion cut-off date specified on the last page of this Order. The Court will deny or strike late-filed motions. Once a party has noticed a motion for hearing on a particular date, the hearing shall not be continued without leave of Court. If the Court concludes that a motion can be resolved without argument, the Court will notify the parties in advance.

1    The parties must adhere to the requirements of the Local
2  Rules.  If any party does not oppose a motion, that party
3  shall submit a written statement that it does not oppose the
4  motion in accordance with the Local Rules.  The parties
5  should note that failure to meet the time limits for filing
6  an opposition set forth in the Local Rules shall be deemed
7  consent to the granting of the motion.

8    The title page of all motions must state the hearing date
9  and time for the motion, the Pre-Trial Conference date, and
10  the Trial date.  Issues left undetermined after the passage
11  of the motion cut-off date should be listed as issues for
12  trial in the Pre-Trial Conference Order.

13    Ex parte practice is strongly discouraged.  *See Mission*
14  *Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488
15  (C.D. Cal. 1995).  The Court will require strict adherence to
16  proper ex parte procedures for any ex parte application filed
17  with the Court.  *Id.* at 492; *see also* Local Rules and the
18  Court's Standing Order.

19    **(a)  Applications and Stipulations to Extend Time**

20    No applications or stipulations extending the time to
21  file any required document or to continue any date are
22  effective until and unless the Court approves them.
23  Applications and/or stipulations to extend the time to file
24  any required document or to continue any hearing, Pre-Trial
25  date, or the Trial date must set forth the following:

26    (i)  the existing due date or hearing date, as well
27  as all dates currently set by the Court in this Order,
28  / / /

1  including the discovery cut-off date, the Pre-Trial

2  Conference date, and the Trial date;

3          (ii) the new dates proposed by the parties;

4          (iii) specific, concrete reasons supporting good

5  cause for granting the extension; and

6          (iv) whether there have been prior requests for

7  extensions by any party, and whether those requests were

8  granted or denied by the Court.

9      All applications and stipulations must be accompanied by

10  a separate and independent proposed order which must be

11  submitted to the Court in accordance with the General Order

12  Authorizing Electronic Filing.  Failure to submit a separate

13  proposed order may result in the denial of the application or

14  stipulation or the Court may withhold ruling on the

15  application or stipulation until the Court receives a

16  separate proposed order.

17      **(b)  Joinder of Parties and Amendment of Pleadings**

18      The deadline for joining parties and amending pleadings

19  is sixty days from the date of this Order.  Any motions to

20  join other parties or for leave to amend the pleadings shall

21  be filed within twenty days of the date of this Order so that

22  they can be heard and decided prior to the deadline.

23      In addition to the requirements of the Local Rules, all

24  motions to amend the pleadings shall: (1) state the effect of

25  the amendment; (2) be serially numbered to differentiate the

26  amendment from previous amendments; and (3) state the page,

27  line number(s), and wording of any proposed change or

28  addition of material.  The parties shall deliver to Chambers

1  a redlined version of the proposed amended pleading
2  indicating all additions and/or deletions of material.
3        **(c)  Withdrawal or Substitution of Counsel**
4        The Court will not grant a request for approval of
5  substitution of counsel after an action has been set for
6  trial unless: (1) counsel files the request using the most
7  recent version of the appropriate forms provided on the
8  Court's website; and (2) the request is accompanied by a
9  declaration signed by a substituting attorney indicating that
10  such attorney has been advised of the trial date and will be
11  prepared to proceed with trial as scheduled.  Any request for
12  substitution of counsel which is not on the proper form or is
13  not accompanied by a declaration signed by a substituting
14  attorney as set forth above will be denied.
15        Counsel who wish to withdraw and substitute their client
16  *pro se* must file a regularly noticed motion to withdraw which
17  demonstrates good cause for the request to withdraw.  The
18  Court will not consider such a motion unless: (1) the motion
19  is accompanied by a declaration signed by the client
20  indicating that the client consents to the withdrawal, has
21  been advised of the time and date of trial, and will be
22  prepared to represent themselves *pro se* on the scheduled
23  trial date; or (2) the Court is otherwise satisfied for good
24  cause shown that the attorney should be permitted to
25  withdraw.
26  **4.   SUMMARY JUDGMENT MOTIONS**
27        The Court will only entertain ONE summary judgment motion
28  by a party.  In the event a party believes that more than one

8

summary judgment motion is necessary to expedite the
resolution of issues in the action, the party must obtain
leave of court to file more than one summary judgment motion.
The Court will require strict adherence to the following
requirements:

(a) **Statement Of Uncontroverted Facts and Conclusions of Law and Statement of Genuine Issues of Material Fact**

The Statement of Uncontroverted Facts and Conclusions of
Law is to be prepared in a two column format.  The left hand
column should set forth the allegedly undisputed fact or
conclusion or law.  The right hand column should set forth
the evidence that supports the factual statement or
conclusion of law.  The factual statements and conclusions of
law should be set forth in sequentially numbered paragraphs.
Each paragraph should contain a narrowly focused statement of
fact or conclusion of law.  Each numbered paragraph should
address a single subject in as concise a manner as possible.

The opposing party's Statement of Genuine Issues of
Material Fact must track the movant's Statement of
Uncontroverted Facts exactly as prepared.  The document must
be in two columns; the left hand column must restate the
allegedly undisputed fact, and the right hand column must
restate the moving party's evidence in support of the fact,
and indicate either undisputed or disputed.  The opposing
party may dispute all or only a portion of the statement, but
if disputing only a portion, must clearly indicate what part
is being disputed.  Where the opposing party is disputing the
fact in whole or part, the opposing party must, in the right

hand column, set forth the evidence controverting the fact.
Where the opposing party is disputing the fact on the basis
of an evidentiary objection, the party must cite to the
evidence alleged to be objectionable and state the ground of
the objection and nothing more. **No argument should be set
forth in this document.**

The opposing party may submit additional material facts
that bear on or relate to the issues raised by the movant,
which shall follow the format described above for the moving
party's Statement of Uncontroverted Facts.  These additional
facts shall follow the movant's facts, shall continue in
sequentially numbered paragraphs (*i.e.*, if movant's last
statement of fact was set forth in paragraph 30, then the
first new fact will be set forth in paragraph 31), and shall
set forth in the right hand column the evidence that supports
that statement.

The moving party, together with its reply, shall file a
separate document entitled "Combined Statement of Facts" that
(1) restates the entirety of the opposing party's Statement
of Genuine Issues of Material Fact and (2) responds to any
additional facts in the same manner and format that the
opposing party must follow in responding to the Statement of
Uncontroverted Facts, as described above.

**(b)  Supporting Evidence**

No party should submit any evidence other than the
specific items of evidence or testimony necessary to support
or controvert a proposed statement of undisputed fact.  Thus,
for example, entire sets of interrogatory responses, or

1  documents that do not specifically support or controvert
2  material in the Statements should not be submitted in support
3  of or in opposition to a motion for summary judgment.  Any
4  such material will not be considered.

5  Evidence submitted in support of or in opposition to a
6  motion for summary judgment should be submitted either by way
7  of stipulation or as exhibits to declarations sufficient to
8  authenticate the proffered evidence, and should not be
9  attached to the memorandum of points and authorities.  The
10 Court will accept counsel's authentication of deposition
11 transcripts, written discovery responses, and the <u>receipt</u> of
12 documents in discovery <u>if the fact that the document was in</u>
13 <u>the opponent's possession is of independent significance</u>.
14 Documentary evidence as to which there is no stipulation
15 regarding foundation must be accompanied by the testimony,
16 either by declaration or properly authenticated deposition
17 transcript, of a witness who can establish its authenticity.

18 All exhibits submitted in support of, and in opposition
19 to, a motion for summary judgment shall be consecutively
20 numbered; no two exhibits shall bear the same number.  For
21 example, if the moving party submits one declaration and one
22 request for judicial notice, with four exhibits attached to
23 each document, the exhibits attached to the declaration shall
24 be marked 1 through 4, and the exhibits attached to the
25 request for judicial notice shall be marked 5 through 8.  The
26 opposing party's exhibits shall then commence with number 9.
27 Immediately above or below the page number on each page of an
28 / / /

1  exhibit, the parties shall mark "[Party Name]'s Summary

2  Judgment Exhibit No. __".

3      In addition to the foregoing, any party who offers

4  deposition testimony in support of or in opposition to a

5  motion for summary judgment shall provide the Court with one

6  copy of the entire transcript (single-sided condensed

7  transcript including the key word index), which shall be

8  marked "COURTESY COPY", of each deposition referenced.  The

9  party shall also prepare and file a separate document for

10 each deponent which contains only those questions and

11 answers, and any objections made at the time of the

12 deposition to those questions, that a party is relying on to

13 support their motion, with a citation to the appropriate page

14 and line number(s) in the deposition transcript.

15     The Court's Courtesy Copies of all evidence in support of

16 or in opposition to a motion for summary judgment shall be

17 submitted in a separately bound volume and shall include a

18 Table of Contents.  If the supporting evidence exceeds fifty

19 pages, each Courtesy Copy of the supporting evidence shall be

20 placed in a slant D-ring binder with each item of evidence

21 separated by a tab divider on the right side.  All documents

22 contained in the binder must be three hole punched with the

23 oversized 13/32" hole size, not the standard 9/32" hole size.

24     In addition to the foregoing, the parties shall meet and

25 confer and prepare two binders, one binder containing a joint

26 set of all _exhibits_ relied on by the parties in support of

27 and in opposition to the motion for summary judgment ("Joint

28 Exhibit Binder"), and the other binder containing a joint set

of all <u>declarations</u> relied on by the parties in support of

and in opposition to the motion for summary judgment ("Joint

Declarations Binder").  The parties shall deliver to Chambers

(<u>but not file</u>) one copy of both the Joint Exhibit Binder and

Joint Declarations Binder, which shall each be marked

"COURTESY COPY," in conjunction with the filing of the Reply.

The Joint Exhibit Binder and Joint Declarations Binder shall

include a Table of Contents, and the spine of each binder

shall be labeled with its contents.

The Table of Contents for the Joint Exhibit Binder and

Joint Declarations Binder shall specifically describe each

summary judgment exhibit or declaration and include a

citation to each paragraph number in the Combined Statement

of Facts that refers to the exhibit or declaration (e.g.

Plaintiff's Summary Judgment Exhibit No. 1 - Letter from John

Doe to Jane Doe dated January 1, 2007 Re: Reasons for Jane

Doe's termination) (Combined Statement of Facts Nos. 2, 8,

10).  In preparing the Table of Contents, counsel should not

create a new set of exhibit numbers.  Counsel shall use the

same exhibit numbers that were used to identify the documents

in the Motion for Summary Judgment.

**(c)  Objections to Evidence**

If a party disputes a fact based in whole or in part on

an evidentiary objection, the ground for the objection, as

indicated above, should be stated in the Statement of Genuine

Issues of Material Fact or Combined Statement of Facts but

not argued in that document.  Evidentiary objections are to

be addressed in a separate memorandum to be filed with the

opposition or reply brief of the party.  This memorandum should be organized **to track the paragraph numbers of the Statement of Genuine Issues of Material Fact or Combined Statement of Facts in sequence**.  It should identify the specific item of evidence to which objection is made, or in the case of deposition testimony it should quote the relevant testimony, the ground for the objection, and a very brief argument with citation to authority as to why the objection is well taken.  The following is an example of the format contemplated by the Court:

> Combined Statement of Facts Paragraph 10: Objection to the supporting deposition testimony of Jane Smith [quote testimony] at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable.  To the extent it is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue.  Fed. R. Evid. 801, 802.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPONENT'S STATEMENT OF FACTS. THESE WILL BE DISREGARDED AND OVERRULED.**

    **(d)  The Memorandum of Points and Authorities**

The movant's memorandum of points and authorities should be in the usual form required under Local Rules and should contain a narrative statement of facts as to those aspects of the case that are before the Court.  All facts should be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion <u>and not to the underlying evidence</u>.

Unless the case involves some unusual twist, the motion need only contain a brief statement of the Fed.R.Civ.P. 56 standard; the Court is familiar with the Rule and with its interpretation under *Celotex* and its progeny.  If at all possible, the argument should be organized to focus on the pertinent elements of the claim(s) for relief or defense(s) in issue, with the purpose of showing the existence or non-existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by the Local Rules.  Where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the Separate Statement if they are not in dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the fact is contravened by an additional fact in the Statement of Genuine Issues of Material Fact, the citation should be to such fact by paragraph number.

**(e)  Proposed Statement of Decision**

Each party shall prepare a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record.  The Proposed Statement of Decision shall not exceed five pages and shall be in a form that would be appropriate for the Court to enter as its final order on the motion.  The Proposed Statement of Decision shall be submitted to the Court in accordance with the General Order Authorizing Electronic Filing.

**(f) Timing**

Parties need not wait until the motion cut-off date to bring motions for summary judgment or partial summary judgment.  Early completion of non-expert discovery and filing of motions for summary judgment may eliminate or reduce the need for expensive expert depositions which are normally conducted in the last stages of discovery.

**<u>Caveat</u>:  If a party fails to respond to a Motion for Summary Judgment, the Court will assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy, which may result in the granting of the Motion for Summary Judgment.**

**5.  MOTIONS IN LIMINE**

The Court will only entertain a maximum of five motions in limine by a party.  In the event a party believes that more than five motions in limine are necessary, the party must obtain leave of Court to file more than five motions in limine.  The Court will not hear or resolve motions in limine that are disguised summary judgment motions.  No application to file under seal will be granted with respect to a motion in limine or any documents submitted with the motion in limine.

Before filing any motion in limine, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange for this conference.  The conference shall take place in person

1  within ten calendar days of service upon opposing counsel of
2  a letter requesting such conference, but in no event later
3  than twenty-one days before the Pre-Trial Conference.  Unless
4  counsel agree otherwise, the conference shall take place at
5  the office of the counsel for the moving party.  If both
6  counsel are not located in the same county in the Central
7  District, the conference may take place by telephone.  The
8  moving party's letter shall identify the testimony, exhibits,
9  or other specific matters alleged to be inadmissible and/or
10 prejudicial, shall state briefly with respect to each such
11 matter the moving party's position (and provide any legal
12 authority which the moving party believes is dispositive),
13 and shall specify the terms of the order to be sought.
14      If counsel are unable to resolve their differences, they
15 shall prepare and file a separate, sequentially numbered
16 Joint Motion in Limine for each issue in dispute which
17 contains a clear caption which identifies the moving party
18 and the nature of the dispute (*e.g.*, "Plaintiff's Motion in
19 limine #1 to exclude the testimony of Defendant's expert").
20 Each Joint Motion in Limine shall consist of one document
21 signed by all counsel.  The Joint Motion in Limine shall
22 contain a clear identification of the testimony, exhibits, or
23 other specific matters alleged to be inadmissible and/or
24 prejudicial and a statement of the specific prejudice that
25 will be suffered by the moving party if the motion is not
26 granted.  The identification of the matters in dispute shall
27 be followed by each party's contentions and each party's
28 memorandum of points and authorities.  The title page of the

1   Joint Motion in Limine must state the Pre-Trial Conference
2   date, hearing date for the motions in limine, and Trial date.
3       Joint Motions in Limine made for the purpose of
4   precluding the mention or display of inadmissible and/or
5   prejudicial matter in the presence of the jury shall be
6   accompanied by a declaration that includes the following:
7   (1) a clear identification of the specific matter alleged to
8   be inadmissible and/or prejudicial; (2) a representation to
9   the Court that the subject of the motion in limine has been
10  discussed with opposing counsel, and that opposing counsel
11  has either indicated that such matter will be mentioned or
12  displayed in the presence of the jury before it is admitted
13  in evidence or that counsel has refused to stipulate that
14  such matter will not be mentioned or displayed in the
15  presence of the jury unless and until it is admitted in
16  evidence; and (3) a statement of the specific prejudice that
17  will be suffered by the moving party if the motion in limine
18  is not granted.
19      Unless ordered by the Court, no supplemental or separate
20  memorandum of points and authorities shall be filed by either
21  party in connection with any motion in limine.
22      The Court's Courtesy Copies of all evidence in support of
23  or in opposition to a motion in limine, including
24  declarations and exhibits to declarations, shall be submitted
25  in a separately bound volume and shall include a Table of
26  Contents.  If the supporting evidence exceeds fifty pages,
27  each Courtesy Copy of the supporting evidence shall be placed
28  in a slant D-ring binder with each item of evidence separated

by a tab divider on the right side, and shall include a label on the spine of the binder identifying its contents.  All documents contained in the binder must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.

The Court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel: (a) failed to confer in a timely manner; (b) failed to provide the opposing party's portion of the joint motion in a timely manner; or (c) refused to sign and return the joint motion after the opposing party's portion was added.

Unless otherwise ordered by the Court, motions in limine should be filed and will be heard on the dates specified on the last page of this Order.  Unless the Court in its discretion otherwise allows, no motions in limine shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.

The failure of any counsel to comply with or cooperate in the foregoing procedures will result in the imposition of sanctions, including a resolution of the issue against the party refusing to cooperate.

**6.   PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**

**(a)  General Provisions**

The Pre-Trial Conference ("PTC") will be held on the date specified on the last page of this Order, unless the Court expressly waived a PTC at the Scheduling Conference.  If

adjustments in the Court's calendar to accommodate congestion become necessary, the Court may re-schedule the PTC instead of the trial date.  Therefore, the parties should assume that if the PTC goes forward, the trial <u>will</u> go forward without continuance, although some brief period of trailing may prove necessary.

The lead trial attorney on behalf of each party shall attend both the PTC and all meetings of the parties in preparation for the PTC, unless excused for good cause shown in advance of the PTC.

A continuance of the PTC at the parties' request or by stipulation is <u>highly</u> unlikely.  **Specifically, failure to complete discovery is not a ground for continuance.**  In the unlikely event that the Court agrees to continue the PTC, the trial date is likely to be delayed as a result.  If a change in the trial date is necessitated or likely because of the Court's calendar or otherwise, modifications of that date will be discussed at the PTC.

At the PTC, the parties should be prepared to discuss means of streamlining the trial, including, but not limited to:  bifurcation; presentation of foundational and non-critical testimony and direct testimony by deposition excerpts; narrative summaries and/or stipulations as to the content of testimony; presentation of testimony on direct examination by affidavit or by declaration subject to cross-examination; and qualification of experts by admitted resumes.  The Court will also discuss settlement.

/ / /

**(b)   Form of Pre-Trial Conference Order ("PTCO")**

The proposed PTCO shall be filed by the date specified on the last page of this Order.  Adherence to this time requirement is necessary for in-chambers preparation of the matter.  The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the following:

(i)  Place in "ALL CAPS" and in **bold** the separately numbered headings for each category in the PTCO (*e.g.*, "**1. THE PARTIES**" or "**7.   CLAIMS AND DEFENSES OF THE PARTIES**").

(ii) Include a Table of Contents at the beginning.

(iii) In specifying the surviving pleadings, state which claims or counterclaims have been dismissed or abandoned (*e.g.*, "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed."). Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, specify to which party each claim or counterclaim is directed.

(iv) In drafting the PTCO, the Court expects that the parties will attempt to agree on and set forth as many uncontested facts as possible.  A carefully drafted and comprehensively stated stipulation of facts will assist the Court in preparing for the Pre-Trial Conference.

**(v)  In specifying the parties' claims and defenses in Section 7 of the PTCO, each party shall closely follow the examples set forth in Appendix A of the Local Rules.**

/ / /

/ / /

21

1    (vi) The Court may submit fact issues to the jury in
2    the form of findings on a special verdict.  The issues of
3    fact should track the elements of a claim or defense on which
4    the jury will be required to make findings.

5    (vii) If expert witnesses are to be called at trial,
6    each party must list and identify its respective expert
7    witnesses, both retained and non-retained.  Failure of a
8    party to list and identify an expert witness in the PTCO
9    shall preclude the party from calling that expert witness at
10   trial.

11   **(c)  Rule 16 Filings; Memoranda; Witness Lists; Exhibit**
12   **Lists**

13   The parties must comply fully with the requirements of
14   Local Rule 16.  They shall file carefully prepared Memoranda
15   of Contentions of Fact and Law (which may also serve as the
16   trial brief), along with their respective Witness Lists and
17   Exhibit Lists, all in accordance with the Local Rules.  See
18   the last page of this Order for applicable dates.

19   **(d)  Summary of Witness Testimony and Time Estimates**
20   Counsel shall prepare a list of their witnesses,
21   including a brief summary (two to three paragraphs) of each
22   witness's expected testimony, an estimate of the length of
23   time needed for direct examination, and whether the witness
24   will testify by deposition or in person.  Counsel shall
25   exchange these lists with opposing counsel.  **Counsel shall**
26   **jointly file a single list of witness testimony summaries,**
27   **including estimates for direct examination of their own**
28   **witnesses and estimates for cross-examination of opposing**

1   **witnesses.**  The joint witness testimony summaries shall be
2   filed at the same time counsel submit the PTCO.  If a party
3   intends to offer deposition testimony into evidence at trial,
4   the party shall comply with the Local Rules.

5       **(e) Pre-Trial Exhibit Stipulation**

6       The parties shall prepare a Pre-Trial Exhibit Stipulation
7   which shall contain each party's numbered list of all trial
8   exhibits, with objections, if any, to each exhibit including
9   the basis of the objection and the offering party's response.
10  All exhibits to which there is no objection shall be deemed
11  admitted.  The parties shall also identify each witness they
12  anticipate will testify about and/or lay the foundation for
13  the exhibit.  All parties shall stipulate to the authenticity
14  of exhibits whenever possible, and the Pre-Trial Exhibit
15  Stipulation shall identify any exhibits for which
16  authenticity has not been stipulated to and the specific
17  reasons for the party's failure to stipulate.

18      The Stipulation shall be substantially in the following
19  form:

20                  Pre-Trial Exhibit Stipulation

21  Plaintiff(s)' Exhibits

22  Number   Description   Witness   If Objection, State Grounds   Response to Objection

23  Defendant(s)' Exhibits

24  Number   Description   Witness   If Objection, State Grounds   Response to Objection

25      The Pre-Trial Exhibit Stipulation shall be filed at the
26  same time counsel file the PTCO.  Failure to comply with this
27  paragraph shall constitute a waiver of all objections.

28  / / /

1  **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**
2  **OPPOSING PARTY'S EXHIBITS. THESE WILL BE DISREGARDED AND**
3  **OVERRULED.**

4      **(f)  Jury Instructions, Verdict Forms, Special**
5             **Interrogatories**

6      Fourteen days before the required Local Rule 16-2
7  meeting, the parties shall exchange proposed jury
8  instructions, verdict forms, and, if necessary, special
9  interrogatories.  Seven days before the meeting, counsel
10 shall exchange written objections, if any, to the proposed
11 jury instructions, verdict forms, and special
12 interrogatories.  At the required  meeting, lead counsel
13 shall confer with the objective of submitting one set of
14 agreed upon instructions, a verdict form, and, if necessary,
15 special interrogatories.

16     If lead counsel agree upon one complete set of jury
17 instructions, they shall file a joint set of proposed jury
18 instructions, arranged in a logical sequence with each
19 instruction sequentially numbered, and identified as
20 "Stipulated Instruction No. __ Re _____," with the blanks
21 filled in as appropriate.  If the parties cannot agree upon
22 one complete set of jury instructions, they shall file the
23 following two joint documents with the Court:

24         (i)  A joint set of proposed jury instructions
25 arranged in a logical sequence with each instruction
26 sequentially numbered.  If undisputed, an instruction shall
27 be identified as "Stipulated Instruction No. __ Re _____,"
28 with the blanks filled in as appropriate.  If disputed, each

alternate version of the disputed instruction shall be inserted together (back to back) in their logical place in the overall sequence.  Each such disputed instruction shall be identified as "Disputed Instruction No. __ Re _____ Proposed By  _____," with the blanks filled in as appropriate.  All disputed versions of an instruction shall bear the same instruction number.  If a party does not have a counter-version of an instruction and simply contends no such instruction should be given, then that party should so state (and explain why) on a separate page inserted in lieu of an alternate version; and

          (ii)  A joint memorandum of law in support of each party's disputed instructions, organized by instruction number.  The joint memorandum of law shall quote the text of each disputed instruction and shall set forth each party's respective position and legal authority, immediately after the text of each disputed instruction.

     Each proposed instruction, whether agreed upon or disputed, shall (a) be set forth in full on a separate page; (b) embrace only one subject or principle of law; (c) cite to the legal authority for or source of the instruction; and (d) reference the claim for relief to which the instruction relates with a citation to Section 7 of the PTCO.

     **A Table of Contents shall be included with all jury instructions submitted to the Court.**  The Table of Contents shall set forth the following:

          (i)   The number of the instruction;

          (ii)  A brief title of the instruction;

1          (iii) Whether it is undisputed or disputed;

2          (iv)  The source of the instruction; and

3          (v)   The page number of the instruction.

4   For example:

5   Number    Title           Source            Page No.

6

7   1         Burden of Proof  9th Cir. Man.        5
              (Undisputed)     of Model Jury
8                              Instr. 5.1

9       The Court directs counsel to use the instructions from

10  the Ninth Circuit Manual of Model Jury Instructions (West

11  Publishing, most recent edition) where applicable.  Where

12  California law is to be applied and the above instructions

13  are not applicable, the Court prefers counsel to use the

14  Judicial Council of California Civil Jury Instructions

15  ("CACI") (LexisNexis Matthew Bender, most recent edition).

16  If neither of these sources is applicable, counsel are

17  directed to use the instructions from O'Malley, Grenig and

18  Lee, Federal Jury Practice and Instructions (West Group, most

19  recent edition).  Any modifications made to the original form

20  instruction from the foregoing sources (or any other form

21  instructions) must be specifically identified, along with the

22  authority supporting the modification.  **Counsel shall not**

23  **submit proposed preliminary instructions to be given to the**

24  **jury prior to opening statements.**

25      If the parties agree upon a verdict form and/or special

26  interrogatories, they shall file a joint verdict form and/or

27  special interrogatories, with the questions arranged in a

28  logical sequence.  If the parties cannot agree upon a verdict

form and/or special interrogatories, they shall file a joint
document containing each party's alternative version along
with a brief explanation of each party's respective position.

The joint set of proposed jury instructions, the joint
memorandum of law, and verdict form(s) and/or special
interrogatories are to be filed with the PTCO and other Local
Rule 16 documents.  Courtesy Copies shall be provided to the
Court in accordance with Section 1 of this Order.  In
addition, the parties shall e-mail the joint set of proposed
jury instructions, joint memorandum of law, and verdict
form(s) and/or special interrogatories in WordPerfect or Word
format to the Chambers' e-mail address
(JFW_Chambers@cacd.uscourts.gov) at the time of filing.

Immediately after the Court's final ruling on the
disputed jury instructions, counsel shall file one final
"clean set" of jury instructions, which shall be sent into
the jury room for the jury's use during deliberations.  The
"clean set" shall contain only the text of each instruction
set forth in full on each page, with the caption "Court's
Instruction No. ____" (eliminating supporting authority,
citations to the PTCO, etc.).  Counsel shall also e-mail the
final "clean set" of jury instructions in WordPerfect or Word
format to the Chambers' e-mail address
(JFW_Chambers@cacd.uscourts.gov) at the time of filing.

**Caveat**:  **The failure of any counsel to comply with or
cooperate in _all_ of the foregoing procedures regarding jury
instructions and/or verdict forms will constitute a waiver of**
/ / /

1  **all objections to the jury instructions and/or verdict form**
2  **used by the Court.**

3      **(g) Real-Time Reporting Requirement**

4      Each party must file with the Court, at the same time
5  counsel submit the PTCO, a document for the Court Reporter
6  which contains proper names, unusual or scientific terms, or
7  any foreign or uncommon words that are likely to be used by
8  the parties during the PTC and the Trial.  Each party shall
9  also e-mail a copy of the document to the Chambers' e-mail
10  address (JFW_Chambers@cacd.uscourts.gov) at the time of
11  filing.

12      **(h)  Joint Statement of the Case and Requests for Voir**
13          **Dire**

14      At the Pre-Trial Conference, the parties shall file their
15  proposed voir dire questions and their joint statement of the
16  case which the Court shall read to all prospective jurors
17  prior to the commencement of voir dire.  The statement should
18  be not longer than two or three paragraphs.

19      The Court conducts voir dire of all prospective jurors.
20  The parties need not submit requests for standard voir dire
21  questions, such as education, current occupation, marital
22  status, prior jury service, etc., but should include only
23  proposed questions specifically tailored to the parties and
24  issues of the case.

25  **7.  COURT TRIALS**

26      **(a)  Declarations of Witness Direct Testimony**

27      Counsel in non-jury trials shall submit the direct
28  testimony of their witnesses in writing in a declaration

executed under penalty of perjury.  These declarations shall
be in admissible form with appropriate foundation established
for the declarant's statements.  Paragraphs in each
declaration shall be numbered consecutively to facilitate the
identification of paragraphs for evidentiary objections.  Any
exhibits which are attached to a witness declaration shall be
numbered consistently with the number of the exhibit on the
Joint Exhibit List.

     Counsel are to exchange and file these declarations at
least twelve calendar days before trial, unless otherwise
ordered by the Court.  Courtesy Copies shall be provided to
the Court in accordance with Section 1 of this Order.
Courtesy Copies shall be submitted to the Court in a slant D-
ring binder with each declaration separated by a tab divider
on the right side.  All documents must be three hole punched
with the oversized 13/32" hole size, not the standard 9/32"
hole size.  The binders shall also contain a Table of
Contents listing the declarations contained therein, and
include a label on the spine of the binder identifying its
contents.

     Eight calendar days before trial, counsel may file
evidentiary objections to those declarations.  Counsel shall
prepare a separate document for each declaration for which
they have an evidentiary objection in which they shall quote
the specific language from the declaration to which they
object, followed by the objection and any relevant argument.
Counsel shall file any reply or response to the objections by
noon on the fifth calendar day before trial.  Courtesy Copies

shall be provided to the Court in accordance with Section 1 of this Order. **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPOSING PARTY'S WITNESS DECLARATIONS. THESE WILL BE DISREGARDED AND OVERRULED.**

At trial, the Court will rule on the evidentiary objections and, depending upon the ruling, the declarations will be received in evidence, either in whole or in part, or rejected. Counsel will then conduct the cross-examination and re-direct examination at trial.

Failure to comply with the literal terms of this Order will result in sanctions or the Court may refuse to allow that witness to testify.

**(b)  Trial Briefs**

Counsel for each party shall file and serve a trial brief, not to exceed 15 pages in length, fourteen calendar days before trial.

**(c)  Findings of Fact and Conclusions of Law**

Counsel for each party shall file and serve initial proposed findings of fact and conclusions of law fourteen calendar days before trial. Counsel for each party shall also e-mail a copy of their proposed findings of fact and conclusions of law to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) on the date due. Counsel for each party shall then:

(i)   Underline in red the portions which it disputes;

(ii)  Underline in blue the portions which it admits; and

1          (iii)  Underline in yellow the portions which it does
2                    not dispute, but deems irrelevant.
3          Counsel may agree with a part of a finding or conclusion,
4     disagree with a part of it, and/or consider a part of it
5     irrelevant.
6          Two marked copies of opposing counsel's proposed findings
7     of fact and conclusions of law shall be filed with the Court
8     seven calendar days before trial and one marked copy shall be
9     served on opposing counsel.  Courtesy Copies shall be
10    provided to the Court in accordance with Section 1 of this
11    Order.
12    **8.   SETTLEMENT**
13         This Court will not conduct settlement conferences in
14    non-jury cases which the Court will try unless counsel for
15    all parties and their respective clients agree either in
16    writing or on the record.  In jury cases, the Court will
17    conduct a settlement conference at the parties' joint request
18    if three conditions exist:
19         (a)  The parties are satisfied that the fact issues in
20    the case will be tried to a jury;
21         (b)  All significant pre-trial rulings which the Court
22    must make have been made; and
23         (c)  The parties desire the Court to conduct the
24    conference, understanding that if settlement fails, the Court
25    will preside over trial of the case.
26         The parties must file a Status Report re: Settlement at
27    the time they lodge the Proposed Pre-Trial Conference Order.
28    The Status Report shall include the name and phone number of

1    the Settlement Officer who assisted the parties with their

2    settlement conference.

3         **Caveat:  If counsel fail to cooperate in the preparation**

4    **of the required Pre-Trial documents, fail to file the**

5    **required Pre-Trial documents, or fail to appear at the Pre-**

6    **Trial Conference and such failure is not otherwise**

7    **satisfactorily explained to the Court: (a) the cause shall**

8    **stand dismissed for failure to prosecute if such failure**

9    **occurs on the part of the plaintiff; (b) default judgment**

10   **shall be entered if such failure occurs on the part of the**

11   **defendant; or (c) the Court may take such action as it deems**

12   **appropriate.**

16   DATED:   October 3, 2011   _____

17                             JOHN F. WALTER
                               UNITED STATES DISTRICT JUDGE

## JUDGE JOHN F. WALTER
## SCHEDULE OF TRIAL AND PRE-TRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (court) Estimated length: 2 days** | 8:30 am | | | | 2/14/12 |
| **[Jury trial] Hearing on Motions in Limine; Hearing on Disputed Jury Instructions** | 10:00 am | | | | |
| **[Court trial] Hearing on Motions in Limine** | 10:00 am | | | | |
| **Pre-Trial Conference; File Proposed Voir Dire Qs and Agreed-to Statement of Case** | 10:00 am | | | | 2/6/12 |
| **Submit Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | | | | | 2/1/12 |
| **Last day for hearing motions \*** | 1:30 pm | | | | 1/23/12 |
| **Discovery cut-off** | | | | | 1/3/12 |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

| | | | | | |
|---|---|---|---|---|---|
| **Last day to conduct Settlement Conference** | | | | | 12/8/11 |
| **Last day to file Joint Report re: results of Settlement Conference** | | | | | 12/15/11 |

\* Motions for class certification shall be filed in accordance with Local Rule 23-3.

(Rev. 3/1/11)