CARMEN A. TRUTANICH, City Attorney (SBN 86629x)
GARY G. GEUSS, Chief Assistant City Attorney (SBN 128022)
LAURIE RITTENBERG, Assistant City Attorney (SBN 106683)
KIMBERLY A. ERICKSON, Deputy City Attorney (SBN 213634)
200 N. Main Street, City Hall East, Room 916
Los Angeles, CA 90012
Telephone (213) 473-6848
Facsimile (213) 473-6818
kimberly.erickson@lacity.org
Attorneys for Defendant CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CPR for SKID ROW, et al.,<br><br>                     Plaintiffs,<br>vs.<br>CITY OF LOS ANGELES<br><br>                     Defendant. | Case No. CV 11-6274 JFW (CWx)<br><br>**DECLARATION OF KIMBERLY A. ERICKSON IN RESPONSE TO ORDER TO SHOW CAUSE RE: SANCTIONS FOR FAILURE TO APPEAR AT THE OCTOBER 3, 2011 HEARING**<br><br>OSC:  October 7, 2011<br>Ctrm:  16 (Hon. John Walter) |

I, Kimberly A. Erickson, declare as follows:

1. I am an attorney licensed to practice law in the Courts of the State of California and in the United States District Court for the Central District of California. I am a Deputy City Attorney employed with the City of Los Angeles.

1

2.     I am the attorney of record for Defendant, the City of Los Angeles. I have personal knowledge of the matters set forth in this Declaration, and if called upon and sworn as a witness herein, I could and would testify competently as to said matters.

3.     I make this Declaration in response to the Court's Order to Show Cause Re: Sanctions for failure to appear at the hearing on October 3, 2011.

4.     I apologize to the Court and Counsel for any inconvenience which my non-appearance may have caused. My non-appearance was based upon a misinterpretation and confusion following the sequence of events described in paragraphs 5-8 below:

5.     On or about August 17, 2011, I was assigned to this matter and received Plaintiff's Motion for Preliminary Injunction and/or Declaratory Relief. The moving papers indicated a hearing date of October 3, 2011. I understood that this date was solely for the purpose of oral argument on and disposition of the Motion.

6.     On September 26, 2011, I received from the Court via CM/ECF, an "Order To Show Cause Why The Hearing On The Motion For A Preliminary Injunction And/Or Declaratory Relief Should Not Be Consolidated With The Trial On The Merits." (Exhibit 1). The parties were ordered to file a joint report stating their positions on the potential consolidation of Plaintiff's Motion for a Preliminary Injunction and/or Declaratory Relief with a trial on the merits.

7.     From the September 26 Order, I interpreted the statement "No oral argument on this matter will be heard unless otherwise ordered by the Court" to mean that the October 3rd hearing was taken off-calendar, unless otherwise ordered by the Court.

8.     Following the filing of the joint report by both parties on September 28, 20011 as required by the Court in the September 26 Order, there were no subsequent orders setting oral argument and so I further understood that there was no longer any hearing scheduled and no appearance necessary on October 3, 2011.

9.     I did not understand by the Court's September 26 Order that the hearing originally scheduled for October 3 would still take place, or that a Scheduling Conference would be held instead; in fact, as explained, I thought there was no hearing at all.

10. Local Rule 7-14 states that counsel must appear at a hearing unless the Court has already excused counsel per Rule 7-15 from oral argument. This is what I believed, in good faith, had happened. I believed that the parties were excused from appearing because the oral argument was dispensed of by the Court's September 26, 2011 Minute Order.

11. After receiving the instant Order to Show Cause, alerting me that I misunderstood that this matter was no longer set for hearing on October 3, I reviewed the filings in PACER to double-check whether any notification was issued that a Scheduling Conference, or any other appearance related to this case, was to be held on October 3, 2011. I found no such notification in the docket.

12. If I were aware that any hearing was still on calendar on October 3, 2011, I would certainly have attended that hearing.

13. Given the above, and my mistaken, albeit good faith reading of the language in the Court's September 26 Minute Order, I respectfully request that sanctions not be imposed. *See, e.g.,* FED. R. OF CIV. PRO. 60(b)(1) (the Court, "on motion and just terms, …may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…").

14. I mistakenly assumed the only matter on calendar on October 3, 2011 was for the Motion and not the Scheduling Conference. Furthermore, I interpreted the Court's September 26, 2011 Order to mean that the Motion hearing and oral arguments were taken off-calendar.

15. In order to avoid making a similar mistake in the future, I will confirm with the Courtroom Deputy that a hearing is taken off calendar rather than making such an assumption.

16. I again apologize to the Court, the parties and their respective attorneys of record for any inconvenience my absence at the October 3, 2011 hearing may have caused.

///

3

DECLARATION OF KIMBERLY A. ERICKSON IN RESPONSE TO OSC RE SANCTIONS

17.     I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed this 6th day of October, 2011, at Los Angeles, California

*Kimberly A. Erickson*
Kimberly A. Erickson, Declarant

4

DECLARATION OF KIMBERLY A. ERICKSON IN RESPONSE TO OSC RE SANCTIONS